## James H. Mayberry et al. v. Charles H. Moore, Administrator.

ADMINISTRATION OF ESTATE—*what not presentation of claim so as to arrest running of statute.* The making out of an account, swearing to it and presenting it to an administratrix out of court, does not arrest the running of the Statute of Limitations with respect to the rights of the heirs in the real estate.

Petition to sell land to pay claim against estate. Appeal from the Circuit Court of Hamilton county; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the February term, 1907. Affirmed. Opinion filed September 13, 1907.

R. R. BARNETT and C. S. CONGER, for appellants.

HARRY ANDERSON and ISAAC H. WEBB, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a petition in the County Court of Hamilton county, for an order to sell land to pay a claim in favor of appellants against the estate of Lewis L. Moore, deceased. Upon a hearing of the case the County Court dismissed the petition. Appellants appealed to the Circuit Court, where the case was tried *de novo,* resulting in a finding in favor of appellee and a judgment and order dismissing the petition. And thereupon appellants appealed to this court.

The only claim against the estate remaining unpaid at the time the petition was filed, was a claim in favor of appellants for $198. This claim was evidenced by judgment in a justice of the peace court, dated November 8, 1872.

On the twenty-eighth day of November, 1880, the said Lewis L. Moore died intestate, and on the nineteenth day of February, 1881, his widow, Letha C. Moore, was appointed his administratrix by the Probate Court of Hamilton county, Illinois. She proceeded to administer said estate, accounting for all personal

property, which was not sufficient to pay the debts, and by decree of the County Court sold some of the land belonging to said deceased, the proceeds of which she afterwards applied regularly on the payment of the debts of the estate, by virtue of a decree of sale, entered by the Probate Court of Hamilton county, Illinois, at the May term, 1882. At that time there was left unsold and undisturbed of the land belonging to Lewis L. Moore, deceased, the thirty-six acres of land in controversy in this case, to-wit: the northwest one-fourth of southwest quarter, sec. 6, town 5, south, range 7, east of the third principal meridian, in Hamilton county, Illinois, containing thirty-six and ten one hundredths acres, more or less, of a value of less than $1,000, at the time of the death of Lewis L. Moore, and at the death of said widow, Letha C. Moore, which land was during the lifetime of said Moore occupied by him as a homestead, and after his death continued to be occupied by his widow as a homestead until her death, December 6, 1904.

On the sixteenth day of October, 1882, John Hawthorne, treasurer of said town 5, made out an account and claim against said estate, and swore to it before the clerk of the County Court of Hamilton county, but did not file the claim with the clerk or deliver it to him or in any manner present it to the clerk or to the court on that day. After swearing to the claim he took it away with him and presented it to the administratrix, at her home in the country, where on the same day she signed a writing on the back of the claim as follows: "Now comes Letha C. Moore, administratrix of the within named estate, and enters her appearance and waives issue of process as to this claim and has no objections to its allowance, October 16th, 1882." (Signed) "L. C. Moore, Administratrix."

This claim was filed in the County Court on the twentieth day of November, 1882, and on the same day an order was entered allowing it against the estate. There is no evidence proving that the claim was ever

left with the clerk, or in any manner presented to the court prior to November 20, 1882.

It is conceded that in this proceeding the heirs of the estate have the right to avail of the fact, if it is a fact, that the Statute of Limitations had run against this claim before it was duly presented to the County Court for adjustment, or filed with the clerk as a claim against the estate. And this brings us to the only question in the case. This claim being the only one against the estate, if it is not valid against the heirs, then there is no basis for the proceeding.

We are of opinion that the making out of the account and claim, swearing to it and presenting it to the administratrix out of court, as was done in this case, did not arrest the running of the Statute of Limitations with respect to the rights of the heir in the real estate. An heir's rights in intestate real estate ought not to be prejudiced by acts of claimants and administrators not done in court, or in some proper manner timely evidenced in court.

The undisputed facts of this case, we think, relieves us of any duty to determine or discuss the question as to whether the proper statute to apply in this case is the five-year statute or the ten-year statute. Under either statute, the claim, in our judgment, was barred before it was duly presented to the court, or filed with the clerk as a claim against the estate.

The judgment of the Circuit Court is affirmed.

*Affirmed.*